IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| GLOBUS MEDICAL, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>SHANE JAMISON, et al.,<br><br>    Defendants. | Case No. 2:22-cv-282 |

## MEMORANDUM ORDER

Before the Court is Plaintiff Globus Medical, Inc.'s Amended Motion for Preliminary Injunction (ECF No. 63) and a letter dated August 15, 2023 (ECF No. 144), which the Court construes as a motion. For the reasons stated herein, the motion for preliminary injunction is **DENIED**, and the letter motion is **DENIED AS MOOT.**

This case arises out of conflict between Plaintiff Globus Medical, Inc. ("Globus")—a manufacturer of spinal implants and hardware—and several former Globus sales representatives, who worked with surgeons and hospitals to distribute Globus's products. Globus generally alleges that the sales representatives violated contractual non-compete and non-solicit obligations when they left Globus and began selling products from a different spinal products company to the same surgeons and hospitals to which they, as a team, were previously assigned. *See generally* ECF Nos. 47 (second amended complaint), 133 (Globus's proposed findings of fact on motion for preliminary injunction). The defendants generally claim that they did not violate

their contracts, because after they left Globus, they traded places with other defendants, so that none of them continued working with the same surgeons and hospitals to which they were individually assigned within the previous 12 months. *See generally* ECF No. 132 (defendants' proposed findings of fact)

On July 7, 2022, Globus filed a complaint against Defendants Shane Jamison, Mike Ruane, Mike Jones, Jake Schools, Scott Van Gilder, Sarah Gregory, and Nick Walker (collectively "the Tidewater defendants"), seeking damages and injunctive relief for alleged violations of contractual non-compete and non-solicit agreements. ECF No. 1. Globus contemporaneously filed a motion for preliminary injunction against the Tidewater defendants. ECF No. 3.

On August 11, 2022, Globus filed an amended complaint, adding claims for damages and injunctive relief against Defendants Curt McLeod, Terry McLeod and Scott Brooks (collectively "the Richmond defendants"). ECF No. 35. Globus filed a second amended complaint on October 14, 2022, adding another Tidewater defendant, Kurt Reighard. ECF No. 47. The Honorable Rebecca Beach Smith, to whom this case was previously assigned, granted a motion to amend the motion for preliminary injunction, adding the Richmond defendants and Defendant Reighard. ECF Nos. 55 (motion to amend), 59 (order). Globus filed its amended motion for preliminary injunction on November 16, 2022. ECF Nos. 63 (motion), 64 (memorandum). The motion was fully briefed. *See* ECF No. 81 (defendants' opposition). After a status hearing, Judge Smith referred the motion for preliminary injunction to the Honorable Lawrence R. Leonard to conduct hearings and submit

proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and Part IV.B. of the Standing Order of Assignment of Certain Matters to United States Magistrate Judges (E.D. Va., Norfolk and Newport News Divisions, Apr. 2, 2022). *See* ECF No. 85.[1]

Beginning on April 24, 2023, Judge Leonard held a four-day evidentiary hearing on the motion. *See* ECF Nos. 121, 123–24, 127 (minute entries); 136–140 (transcripts). On the second day of the hearing, Globus informed Judge Leonard that it was proceeding with its preliminary injunction claim against the Richmond defendants only. *See* ECF No. 137 at 3–4.[2] After the hearing, Globus and the Richmond defendants both submitted proposed findings of fact and conclusions of law. ECF Nos. 133 (Globus), 132 (Richmond defendants). In its proposed findings of fact and conclusions of law, Globus conceded that its tortious interference and unjust enrichment claims need not be considered for the purposes of the motion for preliminary injunction. *See* ECF No. 133 at 26 n.12. Thus, as it pertained to the motion for preliminary injunction, Judge Leonard considered only evidence on the breach-of-contract claim.

Judge Leonard issued his Report and Recommendation on August 15, 2023. ECF No. 145. As directed, the Clerk's office sent copies to the parties the same day.

---

[1] Judge Smith also referred several additional motions to Judge Leonard, with instructions to resolve those motions before the hearing on the motion for preliminary injunction. ECF No. 59.

[2] Each section of the transcript filed on the docket contains internal pagination that is not consistent with its PDF page numbers. The Court's citations will refer to the page number of the PDF, *not* to the numbering originally printed on the transcript.

3

*See id.* at 43. Neither Globus nor any of the defendants filed an objection to the Report and Recommendation. Accordingly, this Court reviews Judge Leonard's findings of fact and conclusions of law for clear error. Fed. R. Civ. P. 72 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see Farmer v. McBride*, 177 Fed. App'x 321, 330–31 (4th Cir. 2006) (holding that a district court is only required to review *de novo* those portions of a report and recommendation to which specific objections have been made).

In his Report and Recommendation, Judge Leonard recommended extensive factual findings regarding the Richmond defendants' business relationships with Globus (*id.* at 6), the terms of their contracts (*id.* at 7–9), the dissolution of the Richmond defendants' affiliations with Globus and their new affiliations with a different spinal products manufacturer (*id.* at 9–11), the individual Richmond defendants' relationships with various surgeons, including how individual defendants were "assigned" (*id.*, at 11–14), the degree to which the Richmond defendants operated as a team, as opposed to as individuals with unique assignments (*id.* at 14–18), and comparisons between surgeon's purchases of Globus products before and after the Richmond defendants left Globus and began working with a different spinal products manufacturer (*id.* at 18–19).

Judge Leonard also recommended conclusions regarding the law this Court should apply (ECF No. 145 at 20–21), Globus's likelihood of success on the merits of its breach-of-contract claims against the Richmond defendants (*id.* at 21–34),

whether Globus would suffer irreparable harm if a preliminary injunction were not issued (*id.* at 34–36), the balance of equities at play (*id.* at 36), and public-interest factors implicated by the Court's decision on the motion (*id.* at 38–41).

It is undisputed that the Richmond defendants were bound by contract not to "directly or indirectly . . . solicit, call on, interfere with, or attempt to divert, entice away, sell to or market to" and surgeons or hospitals to with they were "assigned." ECF No. 145 at 22. As Judge Leonard correctly explained, the outcome of Globus's motion turns largely on construction of the word "assigned"—whether the Richmond defendants acted as a team that was collectively assigned to the same hospitals and surgeons, or whether they were assigned individually to those hospitals and surgeons. *See id.* at 23–24. Judge Leonard found that "while the Richmond Defendants may have acted as a team in certain respects, the evidence presented during the hearing demonstrates that Globus likely only has a protectable interest in the customer goodwill that was developed by the Richmond Defendants' direct and personal contact with the surgeons and hospitals with whom the Richmond Defendants were individually assigned." *Id.* at 25 (internal punctuation omitted). Thus, Judge Leonard concluded that Globus was unlikely to succeed on the merits of its breach-of-contract claim.

Judge Leonard found that the irreparable harm factor favors Globus's position (ECF No. 145 at 36) but that the balance of the equities does not (*id.* at 38). Because Globus failed to establish that the Richmond defendants breached their contractual obligations, Judge Leonard found that public interest does not favor a preliminary

5

injunction either. *Id.* at 40. Finding that Globus failed to meet its burden under the Fourth Circuit's standard for obtaining a preliminary injunction, *see WV Ass'n of Club Owners & Fraternal Servs. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009); *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), Judge Leonard recommended denying the motion.

This Court has reviewed all the relevant submissions by the parties and carefully considered the Report and Recommendation. Finding no clear error, the Court adopts the Report and Recommendation as its own Order without qualification. *See* Fed. R. Civ. P. 72; *Farmer*, 177 Fed. App'x at 330–31. The amended motion for preliminary injunction is denied.

On August 15, 2023, Globus filed a letter noting that the Richmond defendants' "noncompete and non-solicit obligations *would have* expired on August 3, 2023." ECF No. 144 at 1 (emphasis in original). The letter requested that Judge Leonard recommend to this Court that it toll the Richmond defendants' non-compete and non-solicit obligations "for one year from the entry of the order." The Court construes the letter as a motion requesting that, if the Court were to issue a preliminary injunction, the period of such injunction would run for a year after issuance. Because the Court declines to issue a preliminary injunction, it denies the letter motion as moot.

\* \* \*

The Report and Recommendation (145) is adopted in its entirety.

Plaintiff Globus Medical, Inc.'s Amended Motion for Preliminary Injunction (ECF No. 63) is **DENIED.**

The Court construes the letter dated August 15, 2023 as a motion to set the term of any preliminary injunction at one year. The letter motion (ECF No. 144) is **DENIED AS MOOT.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ JKW
_____
Jamar K. Walker
United States District Judge

Newport News, Virginia
August 30, 2023